**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3546-22

KASEEM ALI-X,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Argued May 7, 2025 – Decided June 2, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the New Jersey Department of Corrections.

Kaseem Ali-X, appellant pro se.

Eric Intriago, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Eric Intriago, on the brief).

PER CURIAM

Appellant Kaseem Ali-X, currently incarcerated at a correctional facility in Trenton, appeals from a November 17, 2022 final agency decision issued by respondent New Jersey Department of Corrections (Department) denying his lost property claim. We affirm.

In February 2019, Ali-X bought twenty pouches of refried beans from an outside vendor through the correctional facility's "Incentive Food Package" program. The program allowed inmates who remained "charge-free for at least one . . . year" to order food from approved vendors.

Based on the vendor's product description, Ali-X ordered beans believing they were kosher. Upon receipt, Ali-X discovered the beans were not kosher because they contained lard. Ali-X wrote to the vendor in May 2019 regarding the non-kosher beans. The vendor apologized and offered to issue a $34 refund to Ali-X if he returned the beans.

The correctional facility declined to process Ali-X's return shipment of the beans because it prohibited the shipping of food items from the prison. This prompted Ali-X to file a grievance on July 27, 2019 (July Grievance). The Department responded to Ali-X's July Grievance, explaining: "We do not ship food." Ali-X responded, contending the correctional facility's response was "unfair" and "disrespectful." On August 1, 2019, the Department replied, stating

2

the "[g]rievance was answered correctly the first time. You [cannot] appeal it just because you don[']t agree with the [prison] rules and regulations." Ali-X did not appeal the Department's decision regarding his July Grievance to this court.

Ali-X filed another grievance on August 19, 2019 (August Grievance). In the August Grievance, he argued the Department improperly told him not to appeal his July Grievance. Ali-X internally appealed, arguing the correctional facility did not give him notice regarding a policy allowing the prison to refuse to ship food, and he disputed the existence of such a policy. Ali-X claimed the correctional facility's action was arbitrary and violated his rights. In an August 20, 2019 response, the Department explained Ali-X's July Grievance had no legitimate basis because it concerned a complaint about the correctional facility's rules or regulations. In a September 10, 2019 response, the Department instructed Ali-X to follow the rules and regulations per the Inmate Handbook. Ali-X did not appeal the Department's response to his August Grievance to this court.

On September 29, 2019, Ali-X purportedly submitted an "Inmate Claim for Lost, Damaged[,] or Destroyed Personal Property" (Property Claim) with the Department. He resubmitted his Property Claim on October 23, 2022. In his

Property Claim, Ali-X asserted the correctional facility "deprived [him] of . . . a refund" by refusing to ship his non-kosher beans to the vendor. He demanded the Department's payment of $34 for the lost refund and $17.85 in postage.

Upon investigating the Property Claim, the Department found Ali-X placed the bean order in February 2019 and the vendor offered him a refund in August 2019. However, Ali-X submitted his Property Claim to the Department on October 23, 2022.

In November 2022, the Department's Property Claims Committee (Committee) denied Ali-X's Property Claim. Ali-X appealed the Department's denial of his Property Claim to this court.

We recite Ali-X's arguments on appeal verbatim. In his moving brief and reply brief, Ali-X argues:

POINT I

[THE DEPARTMENT] IN ABUSE OF AUTHORITY RECKLESSLY DEPRIVED ALI-X OF HIS DUE PROCESS RIGHTS.

POINT II

STATE OFFICIALS ACTING UNDER COLOR OF STATE LAW, IN ABUSE OF AUTHORITY RECKLESSLY DISREGARDED ALI-X'S DUE PROCESS RIGHTS WITH THE EVIL INTENT TO CAUSE HARM.

4

POINT III

PUNITIVE DAMAGES AS TREBLE[D] SHOULD BE AWARDED FOR [THE DEPARTMENT]'S EMPLOYEES WILLFUL AND WANTON MISCONDUCT.  (Not raised below)[1]

Our review of an appeal from a final agency decision is limited.  In re Stallworth, 208 N.J. 182, 194 (2011).  "[A] strong presumption of reasonableness attaches to" an agency's decision.  In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)).  We will not reverse an administrative agency decision unless the decision is "arbitrary, capricious or unreasonable or . . . not supported by substantial credible evidence in the record as a whole."  Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

We afford "[w]ide discretion . . . to administrative decisions because of an agency's specialized knowledge."  In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020).  "[A]lthough the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a

---

[1] Ali-X included a fourth point in a reply brief.  However, the reply brief was deemed deficient in an October 10, 2024 letter from the Clerk's Office.  In a November 7, 2024 order, Ali-X was directed to file an "amended reply brief removing any reference to his supplemental appendix by November 27, 2024." Ali-X failed to submit an amended reply brief per the November 7 order.

perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)). "[O]ur function is not to merely rubberstamp an agency's decision." Ibid. (citing Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)). Instead, we must "engage in 'a careful and principled consideration of the agency record and findings.'" Ibid. (quoting Williams, 330 N.J. Super. at 204).

When an inmate asserts his or her personal property has been lost, damaged, or destroyed, the inmate must file a Property Claim. N.J.A.C. 10A:2-6.1(a). The inmate must complete the claim form "within [fifteen] . . . days of the incident or discovery of the incident." N.J.A.C. 10A:2-6.3(a).

After the inmate files a lost property claim, the Department is required to investigate and prepare a report. N.J.A.C. 10A:2-6.1(b). Once the Department completes the investigation, the inmate's claim form and a copy of the investigative report must be submitted to the correctional facility for review. N.J.A.C. 10A:2-6.1(c).

When issuing a decision on the inmate's claim, the Department considers:

> 1.    Whether the investigation revealed any neglect by the correctional facility;

2.  Whether care was exercised by facility staff preventing property loss, damage or destruction;

3.  Whether the inmate exercised care in preventing property loss, damage or destruction;

4.  Whether it has been proven that the inmate was authorized to have and did, in fact, possess the item(s) named in the claim;

5.  Whether sufficient information has been supplied by the inmate, including proper receipts, witnesses and investigative reports;

6.  Whether the inmate submitted the claim in a timely manner;

7.  Whether the loss or damage exceeds authorized amounts of correctional facility personal property limits;

8.  Whether the personal property is considered contraband; and

9.  Whether other reviewers recommended denial of the claim and the reasons therefor.

[N.J.A.C. 10A:2-6.2(a).]

If a claim is denied, the Department must notify the inmate "in writing . . . with substantiating reasons." N.J.A.C. 10A:2-6.1(f).

Ali-X's notice of appeal listed only the Department's November 17, 2022 final agency decision. "[O]nly the orders designated in the notice of appeal . . . are subject to the appeal process and review." W.H. Indus., Inc. v. Fundicao

7

Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008) (quoting Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div. 1994)). Thus, we limit our review to the Department's November 17, 2022 denial of Ali-X's Property Claim.

Ali-X submitted his Property Claim on October 23, 2022. According to the record, the vendor acknowledged its error and notified Ali-X in August 2019 that it would issue a refund if he returned the beans. After investigating the Property Claim, the DOC found it was clear Ali-X failed to submit his claim within fifteen days of the August 2019 incident.

On this record, we are satisfied the Department properly denied Ali-X's untimely Property Claim. There was substantial credible evidence in the record supporting the Department's November 17, 2022 decision, and the decision was not arbitrary, capricious, or unreasonable.

To the extent we have not addressed any of Ali-X's remaining claims, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3546-22